# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### HOLSEY v. GORDON ET AL.

TAX SALE: FRAUD: COMBINATION OF BIDDERS.

*Appeal from Boone Circuit Court.*

FRIDAY, OCTOBER 19.

ACTION in chancery to set aside a tax sale and deed, on the ground of fraud at the sale. Upon a trial on the merits the District Court dismissed plaintiff's petition. He now appeals to this court. The facts of the case appear in the opinion.

*Hull & Ramsey,* for appellant.

*I. N. Kidder* and *John Y. Smith,* for appellees.

BECK, J.—The fraud complained of and which is attempted to be shown as the ground of the relief prayed for in plaintiff's petition, is an unlawful combination between the bidders, whereby competition in the sale of the land was defeated. In our opinion the testimony utterly fails to support the allegations of the petition. No agreement among the bidders under which they bid in turns or conceded to each other the right to bid upon particular tracts of land, is shown; on the contrary it is proved that no such agreement existed among them.

It is shown that all the lands sold were in entire tracts and in no instance were parts of tracts sold for the taxes, and that bidders purchased all the lands and the particular tracts they desired and intended to purchase. This is sufficiently accounted for by the fact that four or five thousand tracts were upon the tax books for sale and there was no demand for so great a quantity of land. Indeed, the sale was discontinued and adjourned because there were no more bids for the property. It will be readily understood that under these circumstances purchasers could, without fraudulent combination, secure, in

full tracts, such property as they would select. There are no other circumstances connected with the sale relied upon to prove it fraudulent. We repeat that the evidence utterly fails to establish fraud, which is relied upon to defeat defendant's title to the land. The decree of the Circuit Court must be

AFFIRMED.

---

### CREIGHTON v. TODHUNTER ET AL.

PRACTICE: NEW TRIAL: NEWLY DISCOVERED EVIDENCE.

*Appeal from Warren District Court.*

SATURDAY, OCTOBER 20.

PLAINTIFF and defendant, Todhunter, were partners in the real estate, abstract and loan business, in the year 1874; the plaintiff purchased the interest of said defendant in said business; the contract of purchase was in writing; the consideration was $1,200; the sum of five hundred dollars was paid in cash; a note of five hundred dollars was given, due in sixty days, and secured by a chattel mortgage upon one-half of the abstract books; a note for $200 was given, payable in one year, with personal security.

When the note for $500 became due Todhunter proceeded to foreclose the chattel mortgage, whereupon plaintiff filed his petition asking that the foreclosure of the mortgage be transferred to the District Court. He answered that the defendant, Todhunter, had violated the written contract of purchase by engaging in the abstract, real estate and loan business in Warren county, contrary to the terms of said contract. Issues were made up between the parties, and a trial was had which resulted in a judgment and decree against the plaintiff herein, ordering the sale of the whole of the books. The trial was had on the 26th day of August, 1875. Execution upon the judgment was stayed, by filing the proper stay bond.

On the 25th day of March, 1876, this action was commenced. It is a petition for a new trial, based upon alleged newly discovered evidence, which it is claimed is material, and presents a complete defense to any recovery by Todhunter. Issue was joined and a trial was had, and the former decree was modified so that an undivided half of the abstract books was ordered to be sold in satisfaction of the judgment. The petition for new trial was dismissed at plaintiff's cost. Plaintiff appeals.

*Henderson & Berry*, for appellant.

*Todhunter & Hartman* and *H. McNeil*, for appellees.

ROTHROCK, J.—I. It is insisted that upon the first trial the court erred in its construction of the written contract between the parties. If so, plaintiff's remedy was by appeal, and not a petition for a new trial, filed several months after the term at which the cause was tried.